IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DENNIS NWOGWUGWU, individually and on behalf of all others similarly situated, <br><br> *Plaintiffs*, <br><br> v. <br><br> SPRING MEADOWS AT LANSDALE, INC., *et al.*, <br><br> *Defendants*. | CIVIL ACTION <br> NO. 16-2663 |

**PAPPERT, J.** May 18, 2017

**MEMORANDUM**

Dennis Nwogwugwu sued Spring Meadows at Lansdale, Inc., Solutions Advisors, LLC, SA Spring Meadows, LLC d/b/a Spring Meadows of Lansdale, Inc., and 1800 Walnut Street Partners, LP under the Fair Labor Standards Act ("FLSA"), the Pennsylvania Minimum Wage Act ("PMWA"), and the Pennsylvania Wage Payment and Collection Law ("WPCL"). (Compl., ECF No. 1.) Nwogwugwu also alleged that Defendants unlawfully discriminated against him on the basis of age and national origin and retaliated against him in violation of the Age Discrimination in Employment Act ("ADEA") and Title VII of the Civil Rights Act. The parties have resolved these claims. They jointly move for approval of their Settlement Agreement ("the Agreement") pursuant to the Court's duty to ensure that FLSA wage-payment settlements represent a "fair and reasonable resolution of a bona fide dispute." *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1355 (11th Cir. 1982). For the reasons explained below, the Court grants the motion.

1

I.

Nwogwugwu worked for Defendants as a Licensed Practical Nurse ("LPN") from May 2009 until October 2014. (Am. Compl. ¶¶ 3, 62, 79 ECF No. 10.) Nwogwugwu regularly worked more than forty hours per week; he alleges he was owed overtime compensation under the FLSA, which Defendants refused to pay. (*Id.* ¶ 3.) Nwogwugwu also alleges, *inter alia*, that Defendants engaged in a long-term, willful practice of wage deprivation against LPNs by routinely deducting thirty minutes of their pay from each shift for a lunch break, regardless of whether the LPNs took such breaks. (*Id.* ¶ 4.)[1]

On May 1, 2017 the parties submitted a letter to the Court, stating that they had reached an agreement to settle the case. Pursuant to Rule 41.1(b) of the Local Rules of Civil Procedure, the Court's civil deputy clerk entered an order dismissing the case the same day. (ECF No. 48.) Realizing the settlement resolved claims under the FLSA, the Court vacated this order and convened a telephone conference with all counsel. (ECF No. 49 & 50.) During the conference, the Court informed counsel that they must submit their proposed Agreement to the Court for its review and approval, regardless of whether a class has been certified. The parties filed a joint motion for approval of settlement on May 16, 2017. (ECF No. 51.)

II.

"[T]he FLSA was designed to give specific minimum protections to individual workers and to ensure that each employee covered by the Act would receive a fair day's pay for a fair day's work." *Barrentine v. Arkansas–Best Freight Sys., Inc.*, 450 U.S. 728,

---

[1] The Court need not summarize the facts of Nwogwugwu's individual claims under the AEDA or Title VII as it is beyond the scope of the Court's limited role in approving an FLSA settlement. *See Rubbo v. PeopleScout, Inc.*, No. 16-4903, 2017 WL 2010311, at *4 (E.D. Pa. May 11, 2017).

739 (1981) (quotation omitted). An employee's right to a minimum wage and overtime pay under the FLSA "cannot be abridged by contract or otherwise waived because this would 'nullify the purposes' of the statute and thwart the legislative policies it was designed to effectuate." *Id.* at 740 (quoting *Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 707 (1945)). Accordingly, FLSA claims may be compromised or settled in just two ways: "(1) a compromise supervised by the Department of Labor pursuant to 29 U.S.C. § 216(c); or (2) a compromise approved by the district court pursuant to 29 U.S.C. § 216(b)." *Kraus v. PA Fit II, LLC*, 155 F. Supp. 3d 516, 522 (E.D. Pa. 2016). Although the Third Circuit Court of Appeals has not addressed whether parties can settle FLSA actions claiming unpaid wages without court approval, district courts within the Circuit have followed the approach endorsed by a majority of courts and assumed that judicial approval is necessary. *See Howard v. Phila. Housing Auth.*, 197 F. Supp. 3d 773 (E.D. Pa. 2016); *Kraus*, 155 F. Supp. 3d at 516; *see also Bettger v. Crossmark, Inc.*, No. 13-cv-2030, 2015 WL 279754, at *3 (M.D. Pa. Jan. 22, 2015) (collecting cases).

Courts therefore play an important role in ensuring that plaintiffs in FLSA lawsuits do not effectively waive their statutory rights. To that end, "[w]hen employees bring a private action for back wages under the FLSA, and present to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness." *Lynn's Food*, 679 F.2d at 1353.

## III.

Courts presented with a proposed settlement of an FLSA claim first determine whether it resolves a bona fide dispute. If the dispute is bona fide, the Court engages in a two-part inquiry: First, the Court must determine if the settlement is fair and

3

reasonable to the employee or employees involved.  *See McGee v. Ann's Choice, Inc.*, No. 12-cv-2664, 2014 WL 2514582, at *2 (E.D. Pa. June 4, 2014).  If it is, the Court then considers "whether the agreement furthers or impermissibly frustrates the implementation of FLSA in the workplace."  *Id*.

### A.

A bona fide dispute is one that involves "factual issues rather than legal issues such as the statute's coverage and applicability."  *Kraus*, 155 F. Supp. 3d at 530 (quoting *Creed v. Benco Dental Supply Co.*, No. 12-01571, 2013 WL 5276109, at *1 (M.D. Pa. Sept. 17, 2013)).  "A proposed settlement resolves a bona fide dispute where the settlement's terms reflect a reasonable compromise over issues, such as back wages, that are actually in dispute and are not a mere waiver of statutory rights brought about by an employer's overreaching."  *Howard*, 197 F. Supp. 3d at 777 (internal quotation and citation omitted).  "In other words, for a bona fide dispute to exist, the dispute must fall within the contours of the FLSA and there must be evidence of the defendant's intent to reject or actual rejection of that claim when it is presented."  *Id*. (quotation and citation omitted).

The Agreement resolves a bona fide dispute.  Defendants denied Nwogwugwu's allegations of wrongdoing in their answer and maintain this position in the Agreement. (Agreement ¶ 6, ECF No. 51-2.)

### B.

Whether a proposed settlement is fair and reasonable depends on nine factors: (1) the complexity, expense and likely duration of the litigation; (2) the reaction of the class to the settlement; (3) the stage of the proceedings and the amount of discovery

completed; (4) the risks of establishing liability; (5) the risk of establishing damages; (6) the risk of maintaining the class action through the trial; (7)the ability of the defendants to withstand a greater judgment; (8) the range of reasonableness of the settlement fund in light of the best possible recovery; and (9) the range of reasonableness of the settlement fund to a possible recovery in light of all the attendant risks of litigation. *See Girsh v. Jepson*, 521 F.2d 153, 157 (3d Cir. 1975); s*ee also, e.g., In re Chickie's & Pete's Wage & Hour Litig.*, No. 12-cv-6820, 2014 WL 911718, at *3 (E.D. Pa. Mar. 7, 2014).[2]

The Agreement is fair and reasonable. Counsel for all parties investigated the claims and exchanged significant discovery. (Joint Mot., at 5, ECF No. 51-1.) This "demonstrates that counsel had an appreciation of the merits and risks of proceeding to trial before negotiating the Settlement Agreement." *Howard*, 197 F. Supp. 3d at 778. In the joint motion for settlement approval, Nwogwugwu's counsel acknowledged the risks involved in demonstrating employer liability, especially here, where there is an absence of accurate time records. (Joint Mot., at 6.) Moreover, the compensation terms are fair and reasonable: Defendants have agreed to pay Nwogwugwu $5,940 in unpaid overtime compensation and $5,940 in liquidated damages. (*Id.* at 7.) All parties agree this is the maximum possible recovery Nwogwugwu could have received at trial. (*Id.*)

The Agreement also provides for $6,396.92 attorneys' fee payment to Nwogwugwu's counsel, Michael Murphy. This amount is also reasonable. (*Id.*)

---

[2] However, "at least some of the *Girsh* factors appear to be little help, if not irrelevant, in the single-plaintiff context." *Howard v. Phila. Housing. Auth.*, 197 F. Supp. 3d 773, 777 n.1 (E.D. Pa. 2016). "Thus, even though *Girsh* may suggest the type of factors to be considered in assessing a private FLSA settlement, courts need not fall into the alluring trap of mechanically applying *Girsh* simply because it is the court's duty to assess whether the proposed agreement is fair." *Id.* (quoting *Kraus v. PA Fit II, LLC*, 155 F. Supp. 3d 516, 523 n. 3. (E.D. Pa. 2016)).

5

Murphy has been practicing law, exclusively in the area of employment law, for thirteen years. (Murphy Aff. ¶¶ 3, 5.) He has experience in both employment defense work and plaintiff's work. (*Id.* ¶ 6.) The $6,396.92 in fees represents 35% of the total settlement amount, a reasonable percentage. *See Howard*, 197 F. Supp. 3d at 780 (approving attorney's fees that represented 32.4% of the total settlement); *see id.* at 781 (explaining that "fee awards for common fund cases generally range from 20–45% of the fund"). Moreover, the $6,396.92 in fees provided for in the Agreement is far less than the $16,146.80 in fees accrued by Murphy's law firm. Murphy has an hourly rate of $375 while his junior associate, Megan Davis, has an hourly rate of $222.[3] (*Id.* ¶ 8.) The two spent a total of 55.76 hours on the case.[4]

## C.

Finally, the Agreement does not impermissibly frustrate the implementation of the FLSA. For example, it does not include broad waiver provisions, *cf. Rubbo v. PeopleScout, Inc.*, No. 16-4903, 2017 WL 2010311, at *4 (E.D. Pa. May 11, 2017), or a confidentiality agreement, *cf. Marby v. Hildebrandt*, No. 14-5525, 2015 WL 5025810, at *2 (E.D. Pa. Aug. 24, 2015), nor did the parties attempt to file the settlement agreement under seal, *cf. Lyons v. Gerhard's Inc.*, No. 14-6693, 2015 WL 4378514, at *3 (E.D. Pa. July 16, 2015). Instead, the Agreement contains carefully tailored provisions: Nwogwugwu releases only his wage and hour-based claims and "[t]he release contained

---

[3] The Philadelphia Community Legal Services attorney fee schedule lists an hourly rate range of $360–$440 for an attorney with eleven to fifteen years of experience and a rate of $180–$200 for an attorney with less than two years of experience. "The fee schedule established by Community Legal Services, Inc. ("CLS") has been approvingly cited by the Third Circuit as being well developed and has been found by the Eastern District of Pennsylvania to be a fair reflection of the prevailing market rates in Philadelphia." *Maldonado v. Houstoun*, 256 F.3d 181, 187 (3d Cir. 2001) (quotation omitted). The CLS fee schedule is available at http://clsphila.org/about-cls/attorney-fees.

[4] Murphy and Davis also submitted their time sheets, which the Court reviewed.

[in the Agreement] does not affect or limit, [*inter alia*], any other claims that, under controlling law, may not be released by th[e] Agreement." (Agreement ¶ 9.)

An appropriate order follows.

BY THE COURT:

***/s/ Gerald J. Pappert***
GERALD J. PAPPERT, J.